## WOOD *vs.* THE STATE OF GEORGIA.

1. Exception to the entire charge on the ground that it is " on some material points contrary to law and failed to charge the law applicable to the facts, and was calculated to mislead the jury," is too vague and general.
2. Where long paragraphs of a charge involving a number of propositions of law are excepted to without pointing out the specific errors therein, the exception is too general, and cannot be considered.
3. The verdict is amply supported by the evidence.

SPEER, Justice.

## PORTER *vs.* MASSENGALE BROTHERS.

P. was the agent at Augusta, Ga., of M. & Bros., who lived at St. Louis, Mo., and was to receive a commission on sales. They dealt in futures. On November 13th, 1879, he telegraphed to them to buy 30,000 bushels of wheat, December delivery, for "Roberts," and to draw on him (P.) for margins. In fact there was no such person as "Roberts," and he was dealing for himself. On November 15th he ordered the contract or "deal" closed at a profit. On November 17th a draft for $1,000.00 margins drawn on the 13th, was presented to him, and payment refused :

*Held,* that such transaction was a mere speculation on chances and illegal. In a suit for the profits and commission on such a transaction by P., a non-suit was properly awarded. Code, §2638.

SPEER, Justice.

## THE DAHLONEGA GOLD MINING COMPANY *vs.* PURDY.

1. Where a judgment of the superior court has been affirmed by this court, its legality becomes *res adjudicata,* and it cannot be attacked by affidavit of illegality for errors which were or could have been excepted to in the bill of exceptions.
2. No sufficient legal reason for excepting appearing in this case, ten per cent. damages are awarded against plaintiff in error.

CRAWFORD, Justice.